UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EDIE WALLACE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEARTLAND COMMUNITY COLLEGE, )<br>a body corporate and politic, )<br>)<br>Defendant ) | Case No. |

## COMPLAINT

COMES NOW the Plaintiff, Edie Wallace ["Wallace"], and for her causes of action against the Defendant, Heartland Community College ["College"], a body corporate and politic, states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1337 and Title 42, United States Code Sections 2000e-5 and 12117 (a). This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of disability.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b), since the College engages in its governmental and educational activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1. That Wallace is an adult resident of Rochester Hills, Michigan.  Formerly, she was employed by the College for sixteen years as a tenured professor of biology.

2. That the College is a public institution of higher learning which was organized pursuant to the "Public Community College Act" [110 ILCS 805/1-1 et.al.].  At all times relevant to this proceeding, it provided post secondary higher educational services from a facility located in McLean County, Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

3. That at all times pertinent to this proceeding the College, in connection with its governmental enterprise, employed individuals.  As such, it was an employer as that term is defined at 42 U.S.C. Section 12111(5).

4. That at all times pertinent to this proceeding the College did, in connection with its educational enterprise, engage in commerce and in an enterprise effecting commerce.

5. That within the time prescribed by law Wallace did file with the Equal Employment Opportunity Commission ["EEOC"], through the Illinois Department of Human Rights, a charge of civil rights violation against the College.  This proceeding is being filed within ninety days of her receipt of a Notice of a Right to Sue issued by the EEOC.

6. That Wallace, at all times relevant to this proceeding, suffered from certain medical conditions which included both fibromyalgia and osteoarthritis.  As a result of these medical conditions, Wallace was:  a) constantly in physical pain; b) oftentimes fatigued; and c) limited in her ability to walk and climb stairs.  When exposed to stressful situations, the pain experienced by Wallace as a result of these diseases significantly intensified.

7. That Wallace, at all times relevant to this proceeding, suffered from a disability as that

term is defined under 42 U.S.C. Section 12102(2) because of either: a) the nature of her medical conditions as it existed at the time of the incidents giving rise to the above proceeding; b) her history of suffering from those medical conditions; or c) the actions of the College in regarding her to suffer from a disability.

8. That at all times pertinent to this cause Wallace adequately performed her employment duties for the College in a manner which satisfied all reasonable expectations imposed upon her by it in connection with her employment as a faculty member.

9. That although the medical conditions of Wallace required certain accommodations because of her work environment which were reasonable, she would have been able to perform her duties with those accommodations.

10. That at all times referred to above Wallace, notwithstanding the fact that she suffered from the medical conditions described above, could perform the essential functions of her employment as a faculty member for the College with reasonable accommodations and, accordingly, she was a qualified individual with a disability as that term is defined in 42 U.S.C. Section 12111(8).

11. That at times relevant to this proceeding faculty members of the College who taught in its natural science curriculum were entitled to use assistants to help set up and arrange for laboratory courses. Throughout the course of her employment, Wallace as well as other faculty members utilized such assistance.

12. That Wallace provided the individuals providing her assistance of the type described above with detailed instructions of what was needed for each laboratory session. The task of the assistant was to gather and arrange the necessary materials and equipment as specified in those

instructions.

13. That beginning in 2005 and continuing regularly thereafter the individuals assigned to assist Wallace with her laboratory courses failed to follow her detailed instructions. As a result, at the time laboratory sessions convened needed equipment, materials or both were missing. Without the equipment and materials the educational objective of the laboratory session was compromised.

14. That the problems described in the preceding paragraph began occurring with regularity. Because of this problem, oftentimes a laboratory session was delayed and in many instances the educational objective of the laboratory session could not be achieved.

15. That as a result of the problem described in paragraphs 13 and 14 above Wallace was:

a) required to walk some distance and climb stairs in order to secure assistance in belatedly arranging for the laboratory session; and

b) subjected to significant amounts of stress when laboratory sessions were delayed or the educational objective of the laboratory session was not achieved.

16. That because of her medical condition as described in paragraph 10 above Wallace was subjected to significant physical pain when she was exposed to either of the situations described in paragraph 15 above.

17. That repeatedly Wallace informed her supervisors of the problems she was experiencing with her laboratory assistance and requested help from the College in dealing with this problem.

18. That on multiple occasions between mid February and late May of 2007 Wallace

met with administrators of the College to seek assistance for dealing with the problem described above.  On each occasion, Wallace:

    a) reiterated the problem she was encountering with chronic mistakes being made by her laboratory assistant;

    b) explained how this problem was effecting and complicating her medical conditions; and

    c) requested that the College intervene and assist in correcting the problem.

19.  That notwithstanding her requests of the College for assistance in dealing with the laboratory assistance problem as more fully described above, the College ignored her requests and did nothing to address the problem.

20.  That at the times Wallace requested the assistance of the College it was aware of her handicaps.

## COUNT I

For her first cause of action against the College, Wallace states as follows:

1.-20.  That for paragraphs 1 to 20 of Count I, Wallace incorporates paragraphs 1 to 20 from above.

21.  That through her actions between mid February and late May of 2007 Wallace made a request of the College for an accommodation because of her handicap.

22.  That her request for an accommodation was reasonable.  It would not have imposed upon the College undue or unreasonable burdens upon the College to honor her request.

23.  That with the accommodation described above Wallace was fully capable of performing the essential functions of her faculty position with the College including, but not

limited to, the laboratory instructional component of her position.

24. That notwithstanding the reasonableness of Wallace's request for an accommodation the College failed and refused to honor that request.

25. That as a direct and proximate result of the College's conduct Wallace sustained physical pain and discomfort, emotional distress, embarrassment and the loss of enjoyment of life.

## COUNT II

For her second cause of action against the College, Wallace states as follows:

1.-20. That for paragraphs 1 to 20 of Count II Wallace repeats paragraphs 1 to 20 from above.

21. That because of the work problem described above Wallace experienced intense physical pain.

22. That because of the intense physical pain described above and the failure of the College to take any action to address the work problem she was experiencing Wallace's work environment with the College became both unwelcome and hostile.

23. That as a direct and proximate result of the conduct of the College Wallace sustained physical pain and discomfort, emotional distress, embarrassment and the loss of enjoyment of life.

## COUNT III

For her third cause of action against the College, Wallace states as follows:

1.-20. That for paragraphs 1 to 20 of Count III Wallace repeats paragraphs 1 to 20 from above.

21. That through her actions between mid February and late May of 2007 Wallace made a request of the College for an accommodation because of her handicap.

22. That her request for an accommodation was reasonable. It would not have imposed upon the College undue or unreasonable burdens upon the College to honor her request.

23. That with the accommodation described above Wallace was fully capable of performing the essential functions of her faculty position with the College including, but not limited to, the laboratory instructional component of her position.

24. That notwithstanding the reasonableness of Wallace's request for an accommodation the College failed and refused to honor that request.

25. That because of the failure of the College to respond to her request for an accommodation and the physical pain she was forced to endure working for the College under the conditions described above, Wallace had no reasonable alternative other than to give up her employment with the College. Accordingly, Wallace was forced to resign her employment with the College.

26. That as a direct and proximate result of the College's conduct Wallace lost her employment with the College and the salary and benefits which she had by virtue of that employment. She also sustained physical pain and discomfort, emotional distress, embarrassment and the loss of enjoyment of life.

## **COUNT IV**

For her fourth cause of action against the College, Wallace states as follows:

1.-20. That for paragraphs 1 to 20 of Count IV Wallace repeats paragraphs 1 to 20 from above.

21. That because of the work problem described above Wallace experienced intense physical pain.

22. That because of the intense physical pain described above and the failure of the College to take any action to address the work problem she was experiencing Wallace's work environment with the College became both unwelcome and hostile.

23. That because of the working conditions more fully described above and the physical pain she experienced working under those conditions, Wallace had no reasonable alternative other than to give up her employment with the College. Accordingly, Wallace was forced to resign her employment with the College.

WHEREFORE, Wallace respectfully requests that this Court enter judgment in her favor and against the College and provide the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. Section 12112 and issue a mandatory injunction against the College to take affirmative steps to ensure that it and all individuals working for it refrain from engaging in any further actions against Wallace which violate the foregoing laws;

B. Issue a mandatory injunction directing the College to reinstate Wallace to a position of employment with the College which, at the time of trial, she could have held but for the discriminatory conduct complained of in this Complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position and to give Wallace the accommodations which she earlier requested;

C. Award Wallace damages sufficient to compensate her for economic losses suffered as

a result of the actions complained of above as well as compensatory damages for any personal injuries sustained because of the conduct of the College to the extent such is compensable under the law;

    D.  Assess against the College the costs and expenses incurred by Wallace in maintaining the above captioned proceeding together with the reasonable attorneys' fees incurred by her in prosecuting the above case;

    E.  Assess against the College and in favor of Wallace such liquidated damages and exemplary damages as may be provided by law for the willful violations of the law committed by it; and

    F.  Provide for such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, EDIE WALLACE, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THE ABOVE PROCEEDING BE TRIED BY JURY.

              EDIE WALLACE, Plaintiff

        By:  s/ James P. Baker
              James P. Baker
              Bar Number: 0097802
              Baker, Baker & Krajewski, LLC
              415 South Seventh Street
              Springfield, Illinois  62701
              Telephone:  (217) 522-3445
              Facsimile:  (217) 522-8234
              E-mail:  bschrader2@gmail.com
              (Complaints/wallaceedie 051611)